## FISHER v. HANOVER NAT. BANK.

(Circuit Court of Appeals, Second Circuit. December 3. 1894.)

No. 10.

SET-OFF—MATURITY OF DEMANDS—FRACTIONS OF A DAY.

May 8, 1891, the H. Bank of New York was indebted to the S. Bank of Philadelphia for a balance of deposit of $9,688.17, and held the S. Bank's, demand note for $25,000. On that day, about 11 a. m., the H. Bank telegraphed the S. Bank, demanding payment of the note. On the same day, between 11 and 12 o'clock, the bank examiner took possession. of the S. Bank, and closed its doors. *Held*, that the court should not be astute to divide the day into fractions, to deprive the solvent debtor of a just defense, and that the note might be set off against the deposit balance in an action to recover the latter.

In Error to the Circuit Court of the United States for the Southern District of New York.

This was an action by Benjamin F. Fisher, as receiver of the Spring Garden National Bank, against the Hanover National Bank, to recover a balance of deposit. Judgment was rendered in the circuit court for the defendant. Plaintiff brings error.

Silas W. Pettit, for plaintiff in error.
Thos. S. Moore, for defendant in error.

Before LACOMBE and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The Spring Garden National Bank of Philadelphia was taken possession of by the bank examiner, by direction of the comptroller of the currency, on May 8, 1891, it being then insolvent. The plaintiff in error was duly appointed its receiver. On May 8, 1891, the Hanover National Bank of New York was indebted to the Spring Garden Bank in the sum of $9,688.17, balance of deposit account. At the same time the Hanover Bank held a note of the Spring Garden Bank originally for $30,000, on which $5,000 had been paid, and secured by a pledge of several promissory notes as collateral security. This action was brought to recover the deposit balance and the collaterals, or their proceeds. When the proofs were completed, however, all question as to the collaterals was eliminated from the case, and the only point left to be determined is whether the Hanover Bank was entitled to set off its claim upon the $30,000 note against the receiver's claim for the deposit balance.

The note of the Spring Garden Bank was a demand note, and the evidence shows that "about 11 o'clock of May 8, 1891, or shortly after," the Hanover Bank telegraphed the Spring Garden Bank, calling the loan for immediate payment. The bank examiner took possession of the latter bank "some time between 11 and 12 o'clock on the 8th of May, 1891." On the day of the failure, therefore, the defendant bank owed the Spring Garden Bank the balance of deposits, and the Spring Garden Bank owed defendant bank the amount of the loan. There is no reason in justice or in equity why a court should be astute to divide the day into fractions, in order to deprive the solvent

debtor of a righteous defense. On May 8, 1891, both were debts presently due, and either was a proper set-off against the other. Judgment of the circuit court affirmed.